```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MATTHEW, *on behalf of himself and all others similarly situated*,

                       Plaintiff,

     -v-

RCN CORPORATION,

                       Defendant.
------------------------------------------------------------X

12 Civ. 0185 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff David Matthew brings this action against Defendant RCN Telecom Corporation ("RCN"), purporting to represent a class of people who subscribed to RCN's long-distance and "bundled" telephone services on or after August 1, 2006.[1] Plaintiff seeks to recover an unspecified amount of allegedly "improperly collected" federal excise tax ("FET") from RCN, a statutorily designated collector of FET under Title 26, United States Code, Section 4291. Plaintiff asserts claims for unjust enrichment, breach of contract, and fraud. (Compl. ¶¶ 19-39). He also seeks a declaratory judgment that Title 26, United States Code, Section 7422(a), which requires a person to file a claim with the Internal Revenue Service ("IRS") before bringing a lawsuit for a tax refund, does not apply on the facts of this case. (*Id.* ¶¶ 40-48). Relying on that same statute, RCN moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety. (Docket No. 11). For the reasons stated below, Defendant's motion is GRANTED and the complaint is dismissed.

---

[1]    Defendant RCN Telecom Services, LLC was improperly sued in this action as "RCN Corporation." (Def.'s Reply Mem. of Law in Further Support of Mot. to Dismiss 1).

## BACKGROUND

The facts relevant to the present motion are undisputed. Section 4251(a) of the Internal Revenue Code ("IRC") imposes a three percent excise tax on telephone calls, *see* 26 U.S.C. § 4251, based upon distance and transmission time, *see id.* § 4252(b). Telephone service providers such as RCN collect the tax from consumers, remit the collected tax to the IRS, and file a corresponding tax return. *See id.* § 4291. In the 1990s, long-distance service providers — including RCN — changed from a time-and-distance billing model to a per-minute (that is, time-only) billing model. Although the IRS continued to assess FET on all long-distance calls during this period, courts eventually held that these time-only rate structures were not taxable under the IRC. *See Fortis, Inc. v. United States*, 447 F.3d 190, 191 (2d Cir. 2006) (per curiam); *Reese Bros., Inc. v. United States*, 447 F.3d 229, 231 (3d Cir. 2006); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374, 374 (D.C. Cir. 2005); *OfficeMax, Inc. v. United States*, 428 F.3d 583, 585 (6th Cir. 2005); *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1338 (11th Cir. 2005).

On May 26, 2006, in the wake of these rulings, the IRS issued Notice 2006-50 ("Notice 2006-50" or "the Notice"), which acknowledged that the IRS had improperly collected FET on time-only long-distance telephone calls. *See* IRS Notice 2006-50, 2006 WL 1452787 (May 26, 2006). Notice 2006-50 instructed carriers, effective August 1, 2006, to cease collecting and remitting FET on both time-only long-distance service, *see id.* §§ 3(c), (d), 4(a), and "bundled service," defined as "local and long distance service provided under a plan that does not separately state the charge for the local telephone service," *id.* §§ 3(a), 4(a). The IRS reaffirmed, however, that FET must still be applied to "[l]ocal only service." *Id.* §§ 3(b), 4(b). Notice 2006-50 also required FET collectors to certify that the amount of FET they reported to the IRS for the

2

third quarter of 2006 did not include any tax on nontaxable service billed after July 31, 2006. *See id.* § 4(c).[2]

Notice 2006-50 authorized taxpayers to request a credit or refund from the IRS for FET erroneously collected on time-only and bundled services between February 28, 2003, and August 1, 2006. *See id.* § 4(a). In light of the certification requirement, however, Notice 2006-50 indicated that no claim for a refund should be filed with the IRS for FET billed after July 31, 2006, stating that "the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector." *Id.* § 4(c). Various parties challenged the lawfulness of the refund process under Notice 2006-50 and, on April 10, 2012, the United States District Court for the District of Columbia prospectively vacated Notice 2006-50 on the ground that the IRS had failed to comply with the Administrative Procedure Act's notice-and-comment procedures. *See In Re Long-Distance Tel. Ser. Fed. Excise Tax Refund Litig.*, 07-014 (RMU), 2012 WL 1179063 (D.D.C. Apr. 10, 2012).

---

[2] Specifically, Section 4(c) of Notice 2006-50 provided:

> Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 the § 4251 tax reported on the Form 720 does not include any tax on nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

On January 10, 2012, Plaintiff filed this lawsuit, purporting to represent a class of individuals who subscribed to RCN's long-distance and bundled services on or after August 1, 2006. (Compl. ¶¶ 1, 13). In his Amended Complaint, filed on March 16, 2012, Plaintiff alleges that RCN — a telecommunications carrier and statutorily designated collector of FET under Section 4291 of the IRC (Compl. ¶ 2) — "improperly over charged [sic] Federal Excise Tax on certain taxable services," (*id.* ¶ 15), and "improperly charged Federal Excise Tax from the date of its repeal for 'Bundled Services' as defined in I.R.S. Notice 2006-50." (*Id.* ¶ 14; *see also id.* ¶¶ 4, 10, 22, 31, 35).[3] Plaintiff asserts claims, under state law, for unjust enrichment, breach of contract, and fraud (*see id.* ¶¶ 19-39), and seeks "an amount of actual, direct, incidental, consequential, statutory, exemplary and punitive damages to be determined at trial" (*id.* Prayer for Relief). Plaintiff also requests a declaratory judgment that "Section 7422(a) does not apply to the facts of this case." (*Id.* ¶¶ 40-48). On May 29, 2012, Plaintiff filed a motion to certify a class consisting of "[a]ll persons and entities in the United States who where [sic] improperly billed Federal Excise Tax on non-taxable services by Defendant." (Docket No. 18). The Court deferred ruling on that motion pending its decision on Defendant's motion to dismiss.

## DISCUSSION

RCN moves to dismiss Plaintiff's complaint in its entirety. RCN contends that this case is a tax refund suit and that Plaintiff's failure to comply with the mandatory exhaustion

---

[3] Plaintiff's complaint repeatedly alleges that RCN has also overcharged for "certain taxable services." (Compl. ¶¶ 4, 10, 22, 31, 35; Def.'s Mem. of Law in Support of Mot. to Dismiss 16-17; Def.'s Reply Mem. of Law in Further Support of Mot. to Dismiss 2 n.1). In his opposition to Defendant's motion, however, Plaintiff focuses solely on the claim that RCN has erroneously charged, or overcharged, FET. Accordingly, to the extent that Plaintiff's complaint alleges distinct claims for overcharging of "services," the Court deems those claims to have been abandoned. *See, e.g., Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

requirements set forth in Section 7422(a) of the IRC deprives this Court of subject matter jurisdiction to hear his claims. RCN further argues that because Plaintiff's tax refund suit has not been brought against the United States, *see* 26 U.S.C. § 7422(f)(1), the claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finally, to the extent relevant here, RCN also moves to dismiss Plaintiff's claim for declaratory relief, arguing that it is duplicative of the other claims asserted in this action and is therefore legally deficient.

### A. Standard of Review

As noted, RCN's motion is brought pursuant to Rules 12(b)(1) and 12(b)(6).[4] A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to hear the case. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd on other grounds*, 130 S. Ct. 2869 (2010) (citations and internal quotation marks omitted). Moreover, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). "The plaintiff bears the burden of

---

[4]   RCN also moves to dismiss Plaintiff's fraud claim for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Def.'s Mem. of Law in Support of Mot. to Dismiss 19). The Court need not, and does not, address that argument.

proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

By contrast, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive a such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**B.  Analysis**

As noted, RCN moves to dismiss pursuant to Section 7422 of the IRC. That section provides, in relevant part, as follows:

> (a) No suit prior to filing claim for refund. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . .
>
> . . . .
>
> (f) Limitation on right of action for refund. (1) General rule: A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative . . . .

26 U.S.C. § 7422(a), (f). Under the plain terms of the statute, therefore, a taxpayer "who seeks a refund of federal taxes must first make an administrative refund claim" with the IRS. *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir. 1997); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7-8 (2008) (stating that the Court could not "imagine what language could more clearly state that taxpayers seeking refunds of unlawfully assessed taxes must comply with . . . the requirement to file a timely administrative claim"). Failing an administrative resolution, the taxpayer's exclusive remedy is to file suit against the United States. *See, e.g.*, *Sigmon*, 110 F.3d at 1203; *DuPont Glore Forgan Inc. v. Am. Tel. & Tel. Co.*, 428 F. Supp. 1297, 1303 (S.D.N.Y. 1977) ("[S]ection 7422(f) means precisely what it says[:] . . . plaintiffs may maintain a tax refund claim only against the government and not against collecting agents."), *aff'd*, 578 F.2d 1367 (2d Cir. 1978).

Significantly, courts interpreting Section 7422 have construed its language broadly. *See, e.g.*, *Clintwood*, 553 U.S. at 7 (noting that "Congress meant the statute to have expansive reach"). First, courts have made clear that the statute applies to any tax refund suit, whether or not labeled as such and whether or not under federal law. *See, e.g.*, *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 ("It is well established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."), *amended without substantive change by* 140 F.3d 849 (9th Cir. 1998); *Lehman v. USAIR Grp., Inc.*, 930 F. Supp. 912, 916 (S.D.N.Y. 1996) (holding that Section 7422 applies to state law claims "for disguised refunds of taxes"). Second, courts have held "that where a plaintiff sues to recover a sum that was collected as a tax, the plaintiff has sued for a tax refund, even if the sum does not literally constitute an internal revenue tax." *Brennan*, 134 F.3d at 1412 (holding that Section 7422 preempted state-law claims against an airline that erroneously collected excise taxes on

transportation under an expired statute); *accord Sigmon*, 110 F.3d at 1204 (same); *Kaucky v. Sw. Airlines Co.*, 109 F.3d 349, 351-53 (7th Cir. 1997) (same); *see also Flora v. United States*, 362 U.S. 145, 149 (1960) (holding that "the function of the phrase ['any sum'] is to permit suit for recovery of items which might not be designated as . . . 'taxes' . . . by Congress or the courts"); *cf. Clintwood*, 553 U.S. at 8 (holding that "[e]ven if we agreed that a facially unconstitutional tax for purposes of the tax refund scheme is merely in the guise of a tax," the reach of section 7422 nevertheless extends to "any sum alleged to have been excessive or in any manner wrongfully collected") (internal quotation marks and citations omitted).

The Seventh Circuit's decision in *Kaucky* is instructive. In that case, a passenger sued Southwest Airlines for conversion and breach of contract based on the erroneous collection of an expired excise tax on airline tickets. Plaintiff's suit was not, "in a literal sense," one for a tax refund because the excise tax did not exist at the time the fees were collected. 109 F.3d at 351. Nevertheless, the Court concluded, "the literal sense" was not "the right sense" for purposes of Section 7422. *Id.* at 351. "When Congress makes a private firm the Internal Revenue Service's 'collection agent,'" then-Chief Judge Posner reasoned, "the firm corresponds to an employee of the Service, and a suit for a refund of the taxes that the firm collected — a suit necessarily based on a claim that the taxes were collected in violation of law — is as much a suit for the refund of federal taxes as if it had been brought against the Commissioner of Internal Revenue." *Id.* Further, given that the IRS "has plenty of remedies against its collection agents who fail to remit taxes that they collect," it made no difference to the analysis "whether the firm [was] still holding the money it erroneously collected or [had] passed it on to the IRS." *Id.* at 352. In either case, the suit against the collection agent was a tax refund suit subject to Section 7422.

Applying these principles here, Plaintiff's complaint must be dismissed, pursuant to Section 7422(a), for failure to exhaust administrative remedies and, under Section 7422(f)(1), for failure to name the United States as the defendant. Just as Southwest Airlines was a "collection agent" for the IRS in *Kaucky*, RCN is a statutorily designated collector of FET under Section 4291 of the IRC. And although Plaintiff's claims are brought under state common law, it is plain that they are really "for disguised refunds of taxes." *Lehman*, 930 F. Supp. at 916. Indeed, the complaint repeatedly alleges that RCN has been "unlawfully collecting" FET from its customers, (*e.g.*, Compl. ¶¶ 4, 5, 9, 21, 34, 36), and calls upon the Court to determine "[t]o what extent Defendant has improperly charged for Federal Excise Tax" (*id.* ¶ 17 (b)(i)). Accordingly, "[t]he exclusive remedy provided by the Internal Revenue Code . . . preempts [Plaintiff's] state-law claims against a private entity." *Sigmon*, 110 F.3d at 1204; *accord Cohen v. United States*, 578 F.3d 1, 14-15 (D.C. Cir. 2009), *aff'd in relevant part*, 650 F.3d 717, 721 n.5 (D.C. Cir. 2011) (en banc); *Brennan*, 134 F.3d at 1411-13; *Kaucky*, 109 F.3d at 351-53; *Lehman*, 930 F. Supp. at 914-16; *DuPont*, 428 F. Supp. at 1302-03; *see also Columbia Marine Servs., Inc. v. Reffet Ltd.*, 861 F.2d 18, 22 (2d Cir. 1988) (stating the same in dicta).

Plaintiff's arguments to the contrary are unavailing. First, relying heavily on *In re Air Transportation Excise Tax Litigation*, 37 F. Supp. 2d 1133 (D. Minn. 1999), Plaintiff urges the Court to adopt a more "limited" construction of Section 7422 and to hold that "simply calling something a tax, does not, in fact, make it so." (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 9). In *Air Transportation*, the Court held that Section 7422 did not apply to a lawsuit against Federal Express Corporation ("FedEx") for erroneously collected excise taxes where FedEx did not identify the fees as taxes on its bills and there was no evidence that it had remitted the money to the IRS. *See* 37 F. Supp. at 1136. Distinguishing *Kaucky*, *Sigmon*, and *Brennan* on these

bases, the Court "decline[d] to read section 7422 as requiring a person to go to the IRS to recover an incalculable 'tax' that was never due, assessed or paid. To require such a hopeless endeavor would produce an absurd and unjust result which Congress could not have intended." *Id.* at 1138 (internal quotation marks omitted); *see also id.* at 1137 (limiting Section 7422 "to instances in which a taxpayer . . . seeks to recover a purported and paid 'tax' that was actually 'assessed' or 'collected' on behalf of the government *and that was actually paid to the government*").

This reliance is misplaced for two reasons. First, the rationale and holding of *Air Transportation* are in conflict with the expansive language of Section 7422 and the great weight of authority construing the statute. *See, e.g., Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 36 n.8 (1st Cir. 2007) (noting that most of the courts to have considered suits for refunds of government fees associated with air travel have found those suits preempted, and stating that although the *Air Transportation* Court "found to the contrary . . . [w]e regard that decision as mistaken"). In particular, the *Air Transportation* Court relied on a narrow reading of the term "any sum" in Section 7422, *see* 37 F. Supp. 2d at 1138, a reading that has been soundly rejected by other courts, *see, e.g., Flora*, 362 U.S. at 149 (stating that "the function of the phrase ['any sum'] is to permit suit for recovery of items which might not be designated as . . . 'taxes' . . . by Congress or the courts"); *Hampton v. United States*, 513 F.2d 1234, 1243 (Ct. Cl. 1975) (characterizing the phrase "any sum" in section 7422(a) as "all inclusive"); *see also Clintwood*, 553 U.S. at 7 (noting that "Congress meant the statute to have expansive reach").[5] Second, and in any event,

---

[5] In fact, in the thirteen years since *Air Transportation* was decided, only one court has relied on the decision to hold that Section 7422 did not apply. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (en banc). Plaintiff relies on *Mikulski* as well (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 8), but the case is easily distinguished as it involved a suit by shareholders against a defendant corporation for over-reporting taxable dividends, causing the shareholders to overpay their federal income taxes. The Sixth Circuit held that

*Air Transportation* is distinguishable on its facts. Here, as in *Kaucky*, *Sigmon*, and *Brennan*, and unlike in *Air Transportation*, Defendant charged FET as a separate line item on its invoices, enabling customers such as Plaintiff to calculate the precise amount at issue in a refund suit. (*See* Compl. Ex. C; Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss Ex. A). In addition, the record indicates that Defendant remitted the sums at issue to the IRS. (*See* O'Day Decl. ¶ 3).

Second, relying on language originally used in *Kaucky*, Plaintiff contends that Section 7422 does not apply because RCN lacked "colorable authority" in collecting the disputed taxes. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 8).[6] It is far from clear, however, that the "colorable authority" test remains good law; the Third, Fifth, and Ninth Circuits have either rejected it or come close to doing so. *See Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 68 (3d Cir. 2008) (rejecting the "colorable authority" test and holding that an unjust enrichment

---

Section 7422 did not apply because, although the alleged injury involved the payment of excess taxes, the defendant corporation "did not collect or withhold any taxes" and "was not acting as a collection agent for or on behalf of the IRS." 501 F.3d at 565. Here, by contrast, RCN was acting as a collection agent for the IRS and collected sums identified as taxes on the relevant invoices. *See Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 68 n.10 (3d Cir. 2008) (distinguishing *Mikulski* on similar grounds).

[6]     In making this argument, Plaintiff also cites *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962), in which the Supreme Court recognized a limited exception to Title 26, United States Code, Section 7421 — which generally prohibits courts from issuing injunctions against the collection of taxes — for cases in which the Government clearly could not prevail. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 8). But *Enochs* does not apply to Section 7422. As the Ninth Circuit explained:

> "The *Enochs* exception . . . has never been applied to allow a taxpayer to sue a private tax collector for the refund of erroneously collected taxes," and with good reason. Enjoining clearly illegal tax collection allows taxpayers to hold onto their money, thereby saving taxpayers and the government the hassle and expense of refund claims that the taxpayers invariably would win anyway. However, when the government *already* has collected the tax, this rationale does not apply.

*Brennan*, 134 F.3d at 1412-13 (quoting *Sigmon*, 110 F.3d at 1204) (citation and footnote omitted).

claim against private defendant was barred by Section 7422); *Brennan*, 134 F.3d at 1410 n.7 (rejecting the "colorable authority" test because it "requires courts to act as historians . . . [and] calls for difficult line drawing in every case," whereas Section 7422 "provides a bright line test" and "applies to *any* suit for *any* sum wrongfully collected in *any* manner"); *Sigmon*, 110 F.3d at 1204 n.9 (stating that "allow[ing] an exception to Section 7422 based on a lack of a colorable basis . . . would open Pandora's box" by allowing plaintiffs "to bypass the normal administrative tax refund process"). But even if the test were good law, it would not help Plaintiff here, as RCN acted pursuant to its authority under Section 4291 as a designated collection agent for the IRS, *see* 26 U.S.C. §§ 4251, 4291, and its invoices clearly identified the disputed amounts as federal excise taxes (*see* Compl. Ex. C; *see also, e.g.*, Compl. ¶ 21 ("Defendant billed for and collected a tax that it is was [sic] not entitled to collect under law.")). Defendant, in other words, "acted as a collection agent of the government when it collected an amount labeled ['Federal Excise Tax'] on its bills, under color of law, from its customers during the period at issue." *Brinskele v. United States*, 73 Fed. Cl. 227, 235-36 (Fed. Cl. 2006).

In fact, Plaintiff's argument that Defendant lacked "colorable authority" to collect the FET at issue in this case is considerably weaker than the similar arguments rejected in *Kaucky*, *Sigmon*, and *Brennan*. In those cases, Congress had allowed the tax at issue to expire, so the defendant airlines technically had *no* legal authority to collect money from the plaintiffs when they had done so. *See Brennan*, 134 F.3d at 1408; *Sigmon*, 110 F.3d at 1201-02; *Kaucky*, 109 F.3d at 350. Nevertheless, in each case, the Court held that the airlines had "colorable authority" to collect the money at issue because, given past history, the airlines "reasonably had expected Congress to reenact the tax before it expired" and "the airlines would have faced penalties if Congress had reenacted the tax but the airlines had not collected and remitted the tax money

promptly." *Brennan*, 134 F.3d at 1410 n.7; *see also id.* at 1413 n.10; *Sigmon*, 110 F.3d at 1204; *Kaucky*, 109 F.3d at 352. Here, by contrast, there is no dispute that RCN was a statutorily designated collector of FET *and* that it was authorized to collect FET on at least some services — namely, local services. Accordingly, its authority to collect the money at issue was even more colorable than the authority of the airlines in *Kaucky*, *Sigmon*, and *Brennan*.[7]

Finally, Plaintiff contends that he was not required to exhaust administrative remedies pursuant to Section 7422(a) in light of Notice 2006-50, which stated that the IRS would deny any request for the refund of tax on nontaxable service billed after July 31, 2006, and directed taxpayers to direct any such requests to carriers such as RCN. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 2). Putting aside the question of whether Notice 2006-50 remains valid following the decision in *In Re Long-Distance Telephone Service Federal Excise Tax Refund Litigation*, however, this argument is without merit for at least three reasons. First, nothing in the Notice purported to relieve taxpayers from the requirements of Section 7422, let alone authorized suit against private carriers. In fact, to the extent the Notice advised taxpayers to make refund requests to their carriers, that suggestion was consistent with the IRC, Section

---

[7] In *Kaucky*, the Seventh Circuit suggested in dicta that Section 7422 would provide no refuge to a hypothetical "con man" who merely masqueraded as a tax collector and pocketed the misappropriated sum. *See* 109 F.3d at 352. Although some courts have questioned this "con-man exception," *see, e.g.*, *Umland*, 542 F.3d at 58 ("Instead of directing courts to characterize the nature of the tax collector — locating it on a spectrum from authorized agent acting in good faith, to once-authorized agent acting bad faith, to 'con man,' — we think § 7422 requires taxpayers to file claims with the IRS for tax refunds." (citation omitted)); *Mejia v. Verizon Mgmt. Pension Plan*, No. 11 C 3949, 2012 WL 1565336, at *7 (N.D. Ill. May 2, 2012) (noting that "the *Clintwood* case casts serious doubt on whether the Supreme Court shares the view that bad faith can provide a route around § 7422"), the Court need not reach the issue given the record in this case. *See also Brennan*, 134 F.3d at 1410 n.5 (declining to "imply an exception to the clear language of § 7422" in the absence of "an extreme case, such as the hypothetical 'con man' example posed by the Seventh Circuit [in *Kaucky*]").

6415(c) of which allows a taxpayer to request a refund of an "overcollection" of FET directly from a private collector. *See, e.g.*, *Radioshack Corp. v. United States*, — Fed. Cl. —, 2012 WL 2512922, at *9 (Fed. Cl. June 29, 2012) (noting that "Notice 2006-50 is merely an invitation for individual taxpayers to file *a claim* for a refund"). The law is clear, however, that Section 6415(c) "does not create a private cause of action." *Lehman*, 930 F. Supp. at 915; *see also, e.g.*, *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (holding that private rights of action to enforce federal law must be created by Congress).

Second, to the extent that the Notice could be read to conflict with Section 7422, it would plainly be unenforceable, as the IRS lacks authority to abrogate a statute through its rulemaking authority. *See, e.g.*, *United States v. Larionoff*, 431 U.S. 864, 873 (1977) ("[R]egulations, in order to be valid, must be consistent with the statute under which they are promulgated."); *Perriello v. Napolitano*, 579 F.3d 135, 142 (2d Cir. 2009) ("[I]t it is not a judicial role to save a regulation that now conflicts, at least in part, with the underlying statute."); *see also Rosenberg v. United States*, 72 Fed. Cl. 387, 392 (2006) (rejecting the argument that the IRS waived the jurisdictional requirements of Section 7422(a) by publishing Notice 2006-50), *aff'd*, 223 Fed. App'x 985 (Fed. Cir. 2007). Third, and in any event, even if Notice 2006-50 somehow relieved Plaintiff of his obligation to exhaust his administrative remedies — which it did not given the mandatory statutory command, *see, e.g.*, *Erdheim v. C.I.R.*, 661 F. Supp. 2d 405, 411 (S.D.N.Y. 2009) — his sole remedy, under Section 7422(f)(1), was to sue the United States.

In short, Plaintiff's complaint must be dismissed, both because he failed to exhaust his administrative remedies, as required by Section 7422(a), and because he sued the wrong

defendant, pursuant to Section 7422(f)(1).[8] Contrary to Plaintiff's assertions, this hardly leads to an "absurd result" under which taxpayers are left to the "mercy" of RCN and other carriers and deprived of a judicial remedy. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss 6, 9). Under the plain terms of Section 7422, a taxpayer "may file an administrative claim for a refund with the IRS. If the IRS" — pursuant to Notice 2006-50 or otherwise — "does not return the erroneously or illegally collected tax, the taxpayer may then resort to the courts. But under Section 7422, the proper defendant in such a suit is the United States, not [RCN]." *Sigmon*, 110 F.3d at 1204.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 11) is GRANTED and Plaintiff's complaint is dismissed in its entirety. In light of that ruling, Plaintiff's motion for class certification (Docket No. 18) is DENIED as moot.

The Clerk of the Court is directed to terminate the aforementioned motions and to close this case.

SO ORDERED.

Dated: November 14, 2012
       New York, New York

                                                 _____
                                                 JESSE M. FURMAN
                                                 United States District Judge

---

[8] It follows that Plaintiff's request for a declaratory judgment — namely, that Section 7422 "does not apply to the facts of this case" (Compl. ¶ 41) — also fails. *Cf., e.g., Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) ("Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action. Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action.").